IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **BRADFORD K. JONES,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ.Act.No. 07-430-JJF |
| | ) | |
| **ELIZABETH BURRIS**, Acting Warden and **JOSEPH R. BIDEN, III**, Attorney General for the State of Delaware | ) ) ) | |
| | ) | |
| Respondents.[1] | ) | |

**ANSWER**

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

In May 2004, a Delaware Superior Court jury convicted Bradford Jones of murder in the first degree, attempted murder, two counts of first degree reckless endangering, and related weapons offenses. Jones was subsequently sentenced to two life terms plus a term of years. On August 22, 2005, the Delaware Supreme Court affirmed Jones' convictions on direct appeal. *See Jones v. State*, 2005 Del. LEXIS 328 (Del. Supr.).

Jones applied for state postconviction relief on July 31, 2006. The Superior Court denied Jones' motion in an order dated February 28, 2007. *See State v. Jones*, 2007 Del. Super. LEXIS 48 (Del. Super. Ct.). Jones appealed and the Delaware Supreme Court affirmed the Superior Court's decision on July 2, 2007. *See Jones v. State*, 2007 Del.

---

[1] *See* Fed.R.Civ.P. 25(d)(1). Elizabeth Burris was named Acting Warden, effective September 1, 2007.

LEXIS 289 (Del. Supr.). Jones filed the instant petition for a writ of habeas corpus on July 2, 2007. This is the respondents' answer.

## Facts[2]

. . . . On the evening of May 30, 2001, the victim, William Houston, was shot to death on the front porch of a house on West Seventh Street in Wilmington. Earlier that day, Houston had taken a busy from his home near Milford to Wilmington to visit friends. At about 10:45 p.,., Houston was on the porch of the West Seventh Street residence socializing with three companions -- Reggie Armstrong, Lonniea Peterson and Raheem Pritchett -- when three men in hooded sweatshirts walked by. Houston was in possession of marijuana that he wanted to sell. He yelled out "Weed." Houston and one of the three men -- later determined to be the defendant, Bradford Jones -- exchanges words. Jones pulled out a semi-automatic handgun and shot Houston several times, killing him. For this act, Jones was charged with and convicted of first degree intentional murder and a weapons offense.

Houston's companions fled. Armstrong and Peterson ran into the house. Jones first at them through a window but did not hit them. For these acts, Jones was charged with and convicted of first degree reckless endangering and weapons offenses. Raheem Pritchett also fled, off the porch and onto the street. Jones fired at him, too. For this act, Jones was charged with and convicted of attempted murder and a weapons offense.

Nearby, Marlon Bellefleur was sitting in a parked car. He had heard the shots. Additionally, Peterson telephoned him on the cell phone (after she had fled into the house) to tell him what had happened. Bellefleur saw the three attackers get into a white pick-up truck and flee the scene. Bellefleur followed and obtained a partial license plate number. A white pick-up truck, registered to the defendant's mother, was later found by police in the driveway of the defendant's mother's house in Oakmont where the defendant was living at the time.

---

[2] The facts are taken from the State of Delaware's answering brief in *Jones v. State*, No. 321, 2004 (Del. Supr.).

Subsequent police investigation, including photographic line-ups shown to the witnesses, revealed that Bradford Jones was Houston's killers. Of particular pertinence to the issue raised in this case is the search warrant affidavit of probable cause prepared on June 22, 2001, by Detective Robert C. Cunningham, the chief investigating officer. According to the affidavit, a somewhat similar incident occurred on May 10, 2001 in a parkland near the Rosegate subdivision in New Castle County. There four men in hooded sweatshirts approached the victim and robbed him. Then one of the perpetrators shot the victim, who survived. Shell casings found at the scene indicated that the weapon used was a 9mm handgun, similar to the weapon used to kill Houston. Ballistics tests later established that it was, in fact, the same gun.

An informant told probation and parole officers Lawrence Collins that the Rosegate shooter was named Keith, that he lived on Lombard Street in Wilmington and was originally from the Oakmont subdivision in New Castle County. From a second informant, Detective Cunningham learned that Houston's killer was named Keith Jones. A search of DELJIS and probation and parole records revealed that Bradford Keith Jones lived at 829 Lombard Street in Wilmington and that his family lived on Birkshire Road in Oakmont. Although the search itself turned up no evidence of the homicide, during the execution of the warrant the police obtained a photograph of the defendant that was placed in a photo array used to identify him ass Houston's killer.

## Discussion

In his petition, Jones claims that he is entitled to federal habeas relief because his convictions are flawed in three ways. First, Jones brings "[a] challenge to the veracity of the search warrant affidavit and illegal search and seizure." D.I. 1 at 6. To this end, Jones argues that "Detectives obtained a search warrant under false statements and illegally seized petitioner and took his photograph. . . ." D.I. 1 at 6. Jones' second ground repeats his allegation that police officers obtained and executed a search warrant "under

3

false statements." D.I. 1 at 8.  Finally, Jones contends that his trial counsel were ineffective because "they failed to get him a pre-trial suppression hearing to challenge the veracity of the search warrant and suppress the photograph that was taken while petitioner was illegally seized.  Therefore counsel's performance fell below the reasonable standard."  D.I. 1 at 9.

Jones has exhausted state court remedies regarding the claims he has raised in his federal petition by presenting them to the Delaware Supreme Court.  In his direct appeal, Jones had claimed that "the search warrant was issued as a result of deliberate falsehoods contained in the police officer's affidavit of probable cause."  *Jones*, 2005 Del. LEXIS 328, at * 2.  Jones had also claimed, in the appeal from the Superior Court's order denying his motion for postconviction relief, that "his attorney provided ineffective assistance by failing to challenge the search warrant affidavit that resulted in his being arrested and photographed by the police . . . .  Jones contend[ed] that the photo, which was later used to identify him as the perpetrator, was the fruit of the illegal search warrant."  *Jones*, 2007 Del. LEXIS 289, at * 2.

Despite the fact that Jones has exhausted state court remedies regarding the claims raised in his petition and has timely filed his petition,[3] Jones is not entitled to federal

---

[3] Jones's conviction became "final" for purposes of 28 U.S.C. § 2244(d)(1)(A) on November 21, 2005, the date when the 90-day period to petition the United States Supreme Court for a writ of certiorari had expired.  *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999).  He, therefore, had until November 21, 2006 to file his federal petition without running afoul of § 2244(d)(1)'s one year limitations period.  *See Satterfield v. Johnson*, 434 F.3d 185, 191 (3d Cir. 2006); *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998).  Of course, Jones' state postconviction proceedings tolled the statutote of limitations.  *See* 28 U.S.C. § 2244(d)(2).  Jones filed his petition on July 2, 2007.  *See, e.g., Woods v. Kearney*, 215 F. Supp.2d 458, 460 (D. Del. 2002) (presumptive date of filing is the date petitioner gave petition to prison officials for mailing).  According to

habeas relief.  Jones' first two claims must be rejected because federal habeas relief is unavailable in light of the United States Supreme Court's holding in *Stone v. Powell*, 428 U.S. 465, 494 (1976).  *Stone* precludes a federal habeas court form considering a claim that evidence introduced at trial was obtained as the result of an illegal arrest or search if the state courts have given the petitioner a full and fair opportunity to litigate the claim.  *Id*.  In determining whether a petitioner has had a full and fair opportunity to litigate his Fourth Amendment claim, the only question is whether the state makes available a mechanism for suppression of evidence seized in or tainted by an unlawful search or seizure.  *See United States ex rel Petillo v. New Jersey*, 562 F.2d 903, 906 (3d Cir. 1977).  In Delaware, that mechanism is created by Superior Court Criminal Rule 41.  *See Deputy v. Taylor*, 19 F.3d 1485, 1491 (3d Cir. 1994).  Accordingly, *Stone* precludes consideration of Jones' Fourth Amendment claims..

      Of course, *Stone* does not bar Jones' third claim -- i.e., that counsel was ineffective for failing to have raised the Fourth Amendment claims underlying Jones' first two claims in the instant petition.  *See generally Kimmelman v. Morrison*, 477 U.S. 365 (1986).  Nonetheless, Jones is only entitled to federal habeas relief if the Delaware Supreme Court's resolution of this particular was contrary to, or involved an objectively unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  *See Gattis v. Snyder*, 278 F.3d 222, 228 (3d Cir. 2002); *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 434 (D. Del. 1998).  As this Court explained in *Backus v. Carroll*,

---

respondents' calculation, then, 252 days had passed by the time that Jones had filed the instant petition.

> The clearly established federal law governing ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington* and its progeny. Under the first *Strickland* prong, the petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. The second *Strickland* prong requires the petitioner to demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." A reasonable probability is a "probability sufficient to undermine confidence in the outcome." When, as here, the petitioner premises his ineffective assistance of counsel claims on his counsel's alleged failure to competently litigate Fourth Amendment issues, the petitioner demonstrates actual prejudice by proving "the Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence."

505 F. Supp. 2d 266, 271 (D. Del. 2007) (*quoting Strickland v. Washington*, 466 U.S. 668, 687-96 (1984)) (*citing Wiggins v. Smith*, 539 U.S. 510 (2003)) (*quoting Kimmelman*, 477 U.S. at 375) (internal citations omitted).

Jones' charge of ineffective assistance is based on counsel's failure to challenge a search warrant under *Franks v. Delaware*, 438 U.S. 154 (1978). As Jones argued in the state courts, the warrant application referred to a robbery and shooting on May 10, 2001 in a park near the Rosegate neighborhood in New Castle. The warrant application, prepared by Wilmington police detective Robert Cunningham, stated that a probation officer, Larry Collins, had learned from an confidential informant that: an individual named "Keith" (no last name) was responsible for the Rosegate shooting; Keith lived at 829 Lombard Street in Wilmington; Keith was originally from the Oakmont development in New Castle County; and Keith owned a 9 mm handgun. A separate police report, prepared by New Castle County detective John Williamson and dated July 19, 2001, also

6

refers to the Rosegate shooting. In that report, Williamson recounts that Collins had told him on May 14, 2001 that he (Collins) had learned through a confidential informant that one of the men involved in the Rosegate shooting may have been named "Keith Williams" who "sometimes frequents the area of 819 Lombard Street in Wilmington." In Jones' view, the discrepancies between the warrant application and Williamson's report regarding the information provided by Collins' informant lead only to the conclusion that Cunningham lied in preparing the warrant application. Thus, as Jones' argument went, the warrant was defective under *Franks* and counsel was ineffective in failing to so challenge the warrant.

       The state courts concluded – correctly – that the warrant would have survived any *Franks* challenge. *Franks* requires the defendant to make "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included" in the warrant application. 438 U.S. at 155-56. Assuming the defendant establishes that the contested statements were false or made with a reckless disregard for the truth, if the affidavit's false material is set to one side, the remaining content would not establish probable cause, then the warrant is defective. *Id.* The state courts held there that Jones had not met the first prong of *Franks*, i.e., that the statements in the warrant application were false. 2007 WL 625359 at *4. Given that Jones adduced no evidence on the point, apart from the "few inconsistencies" between the warrant application and Williamson's report, this conclusion by the state court was correct. In turn, that determination is presumed correct, Jones having adduced nothing to call it into question. *See* 28 U.S.C. § 2254(e)(1). Because as a factual matter, Jones' *Franks* challenge foundered on the first prong of *Franks*, there was no basis for Jones'

7

claim of ineffective assistance. The state courts' rejection of Jones' claim was thus consistent with clearly established federal law. Accordingly, there is no basis for federal habeas relief, Jones having been unable to articulate a meritorious Fourth Amendment claim.

## Conclusion

Based upon the Superior Court docket sheet, it appears that transcripts of Jones' trial and sentencing proceedings have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for writ of habeas corpus should be denied without further proceedings.

/s/Kevin M. Carroll
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 4836

DATE: December 21, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2007, I electronically filed the attached documents with the Clerk of Court using CM/ECF. I also hereby certify that on December 21, 2007, I have mailed by United States Postal Service, the same documents to the following non-registered participant:

>Bradford K. Jones
>No. 00260016
>Delaware Correctional Center
>1181 Paddock Road
>Smyrna, DE 19977

>/s/Kevin M. Carroll
>Deputy Attorney General
>Department of Justice
>820 N. French Street
>Wilmington, DE 19801
>(302) 577-8500
>Del. Bar. ID No. 4836

DATE: December 21, 2007