IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRADFORD K. JONES | : |
| Petitioner, | : |
| v. | : Civ. Act. No. 07-430-JJF |
| PERRY PHELPS, Warden, and JOSEPH R. BIDEN, III, Attorney General of the State of Delaware, | : |
| Respondents.[1] | : |

Bradford K. Jones. Pro se Petitioner.

Kevin M. Carroll, Deputy Attorney General of the DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware. Attorney for Respondents.

**MEMORANDUM OPINION**

January 29, 2009
Wilmington, Delaware

---

[1] Warden Perry Phelps replaced former Warden Thomas Carroll. See Fed. R. Civ. P. 25(d)(1).

Farnan, District Judge

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Bradford K. Jones ("Petitioner"). (D.I. 1.) For the reasons discussed, the Court will dismiss the Petition and deny the relief requested.

## I. FACTUAL BACKGROUND[2]

On the evening of May 30, 2001, the victim, William Houston, was shot to death on the front porch of a house on West Seventh Street in Wilmington. Earlier that day, Houston had taken a bus from his home near Milford to Wilmington to visit friends. At about 10:45 p.m., Houston was on the porch of the West Seventh Street residence socializing with three companions - Reggie Armstrong, Lonniea Peterson, and Raheem Pritchett — when three men in hooded sweatshirts walked by. Houston was in possession of marijuana that he wanted to sell. He yelled out "Weed." Houston and one of the three men - later determined to be Petitioner - exchanged words. Petitioner pulled out a semi-automatic handgun and shot Houston several times, killing him. Petitioner was charged with intentional first degree murder and a weapons offense.

Petitioner's companions fled. Armstrong and Peterson ran

---

[2]These facts are taken from the State of Delaware's answering brief in Jones v. State, No.321,2004, dated May 5, 2005.

1

into the house. Petitioner fired at them through a window but did not hit them. For these acts, Petitioner was charged with first degree reckless endangering and weapons offenses. Raheem Pritchett also fled from the porch and onto the street. Petitioner fired at him and was charged with attempted murder and a weapons offense for firing at Pritchett.

Nearby, Marlon Bellefleur was sitting in a parked car. He had heard the shots. Additionally, Peterson telephoned him on a cell phone (after she had fled into the house) to tell him what had happened. Bellefleur saw the three attackers get into a white pick-up truck and flee the scene. Bellefleur followed the truck and obtained a partial license plate number. A white pick-up truck, registered to Petitioner's mother, was later found by police in the driveway of Petitioner's mother's house in the Oakmont community where Petitioner was living at the time.

During the course of the subsequent police investigation, the police applied for a warrant to search the two residences, in Wilmington and in Oakmont, where Petitioner was known to frequent. According to the search warrant affidavit of probable cause prepared by Detective Robert C. Cunningham on June 22, 2001, a somewhat similar incident occurred on May 10, 2001 in a parkland near the Rosegate subdivision in New Castle County. There, four men in hooded sweatshirts approached the victim and robbed him. Then one of the perpetrators shot the victim, who

survived. Shell casings found at the scene indicated that the weapon used was a 9 mm handgun, similar to the weapon used to kill Houston. Ballistics tests later established that the same gun was used. An informant told probation and parole officer Lawrence Collins that the Rosegate shooter was named Keith, that he lived on Lombard Street in Wilmington and was originally from the Oakmont subdivision.

From a second informant, Detective Cunningham learned that Petitioner's killer was named Keith Jones. After searching DELJIS and probation and parole records, Detective Cunningham discovered that Bradford Keith Jones lived at 829 Lombard Street in Wilmington and that his family lived on Birkshire Road in Oakmont.

Although the search of both residences did not turn up any evidence of the homicide, the police did obtain a photograph of Petitioner during the execution of the warrant. That photograph was later placed in a photo array used to identify Petitioner as Houston's killer.

## II.  PROCEDURAL BACKGROUND

In May 2004, a Delaware Superior Court jury convicted Petitioner of intentional first degree murder, two counts of first degree reckless endangering, and related weapons offenses. The Superior Court sentenced Petitioner to two life terms plus a term of years for those convictions, and the Delaware Supreme

Court affirmed Petitioner's convictions and sentences on direct appeal. See Jones v. State, 882 A.2d 761, 2005 WL 2473789 (Del. Aug. 22, 2005).

In July 2006, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), asserting ineffective assistance of counsel for failing to challenge the veracity of the search warrant and for failing to file a motion to suppress a photograph of Petitioner taken during the search. The Superior Court denied the Rule 61 motion on February 28, 2007. See State v. Jones, 2007 WL 625359 (Del. Super. Ct. Feb. 28, 2007). Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's decision on July 2, 2007. Jones v. State, 930 A.2d 928 (Table), 2007 WL 1885126 (Del. July 2,2007).

Petitioner timely filed the instant Petition, and the State filed an Answer, asserting that the Petition should be dismissed. (D.I. 15.) Petitioner filed a Brief in Response, essentially re-asserting the arguments presented in his Petition. (D.I. 18.)

### III. STANDARD OF REVIEW

If a state's highest court adjudicates a cognizable federal habeas claim on the merits, then a federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). A state court decision constitutes an adjudication on the merits for the purposes of § 2254(d) if the "decision finally

4

resolv[es] the parties' claims, with res judicata effect, [and] is based on the substance of the claim advanced, rather than on a procedural, or other ground." Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004)(internal citations omitted), rev'd on other grounds by Rompilla v. Beard, 545 U.S. 374 (2005). Pursuant to § 2254(d), federal habeas relief may only be granted when the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); Williams v. Taylor, 529 U.S. 362, 412 (2000); Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001).

When reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000); Miller-El v. Cockrell, 537 U.S. 322, 341 (2003)(stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

**IV. DISCUSSION**

Petitioner asserts three grounds for relief: (1) police officers violated Petitioner's Fourth Amendment rights by deliberately including false statements in the search warrant affidavit of probable cause, and therefore, the evidence seized during the search, the photograph of Petitioner, and any subsequent photographic identifications should have been suppressed; (2) the trial court violated Petitioner's Fourth Amendment rights by failing to conduct an evidentiary hearing pursuant to Franks v. State, 438 U.S. 154 (1978) because the search warrant was issued as a result of deliberate falsehoods contained in the police officer's affidavit of probable cause; and (3) Petitioner's defense attorneys were ineffective because "they failed to get him a pre-trial suppression hearing to challenge the veracity of the search warrant and suppress the photograph that was taken while petitioner was illegally seized." (D.I. 1, at p.9.)

**A. Claims One and Two: Fourth Amendment Violations**

Petitioner exhausted state remedies for the Fourth Amendment issues contained in Claims One and Two by presenting them to the Delaware Supreme Court on direct appeal. Nevertheless, pursuant to Stone v. Powell, 428 U.S. 465, 494 (1976), a Federal court cannot provide habeas review of a Fourth Amendment claim if the petitioner had a full and fair opportunity

6

to litigate the claim in the state courts. Stone, 428 U.S. at 494; see also Wright v. West, 505 U.S. 277, 293 (1992)("We have also held . . . that claims under Mapp [evidence obtained in violation of the Fourth Amendment] are not cognizable on habeas as long as the courts have provided a full and fair opportunity to litigate them at trial or on direct review.") The "full and fair opportunity to litigate" requirement is satisfied if the state has an available mechanism for suppressing evidence seized in or tainted by an illegal search or seizure, even if the defendant did not avail himself of that mechanism. See U.S. ex rel. Hickey v. Jeffes, 571 F.2d 762, 766 (3d Cir. 1978); Petillo v. New Jersey, 562 F.2d 903, 906-07 (3d Cir. 1977).

Rule 41 of the Delaware Superior Court Rules of Criminal Procedure authorizes a defendant to file a pre-trial motion to suppress evidence, thereby providing a mechanism for presenting Fourth Amendment issues in the Delaware State Courts. In this case, although Petitioner concedes his failure to file a Rule 41 suppression motion, he contends that the failure should be "excused" because defense counsel ignored his request to file such a motion. Contrary to Petitioner's argument, however, defense counsels' alleged inaction does not demonstrate that Delaware's system contains a structural defect. See Fogg v. Phelps, 579 F. Supp. 2d 590, 604 (D. Del. 2008). Accordingly, the Court will dismiss Claims One and Two as barred by Stone.

### B. Claim Three

Claim Three, in which Petitioner contends that defense counsel provided ineffective assistance by failing to raise the Fourth Amendment claims asserted in Claims One and Two in a Rule 41 suppression motion, is not barred by Stone. See generally Kimmelman v. Morrison, 477 U.S. 365 (1986). Petitioner presented the ineffective assistance of counsel claim asserted in Claim Three to the Delaware Superior Court in his Rule 61 motion, and then to Delaware Supreme Court on post-conviction appeal. Both Delaware State Courts denied the claim as meritless. Therefore, the Court must determine whether the Delaware Supreme Court's decision was either contrary to, or an unreasonable application of, clearly established Supreme Court precedent. See 28 U.S.C. 2254(d)(1).

The clearly established Supreme Court precedent governing ineffective assistance of counsel claims is the two-pronged standard enunciated by Strickland v. Washington, 466 U.S. 668 (1984) and its progeny. See Wiggins v. Smith, 539 U.S. 510 (2003). Under the first Strickland prong, Petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. Strickland, 466 U.S. at 688. Under the second Strickland prong, Petitioner must demonstrate "there is a

reasonable probability that, but for counsel's error the result would have been different." Id. at 687-96.  A reasonable probability is a "probability sufficient to undermine confidence in the outcome."  Id. at 688.  Because Petitioner premises his ineffective assistance of counsel claim on counsel's alleged failure to competently litigate Fourth Amendment issues, Petitioner will demonstrate actual prejudice by proving "the Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence."  Id. at 687-96.

In order to demonstrate the merit of his Fourth Amendment challenge to the search warrant, Petitioner must satisfy the two-part test articulated by the Supreme Court in Franks v. Delaware, 438 U.S. 154, 155-56 (1978).  Pursuant to Franks and its progeny, Petitioner must prove, by a preponderance of the evidence, that (1) the affiant knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2)that such statements or omissions are material, or necessary, to the finding of probable cause.  Id. At 171-72.  "To mandate an evidentiary hearing [under Franks], the challenger[] [must allege] deliberate falsehood[s] or []reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.  They should point out specifically the portion of the

warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. . ." Id.

In Petitioner's case, the Delaware Supreme Court denied the instant ineffective assistance of counsel claim only after it correctly identified the Strickland and Franks standards and analyzed the claim within the framework of both decisions. Therefore, the Court concludes that the Delaware Supreme Court's denial of Claim Three was not contrary to clearly established Supreme Court precedent. See Williams, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

The Court must also determine whether the Delaware Supreme Court's denial of Claim Three constituted an unreasonable application of the Strickland and Franks standards to the facts of Petitioner's case. Under this prong, habeas relief will only be warranted if the Delaware Supreme Court's application of Strickland and Franks "resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." Werts v. Vaughn, 228 F.3d 178, 197 (3d Cir. 2000).

According to Detective Cunningham's affidavit of probable cause, two informants identified Petitioner as responsible for the homicide. The affidavit alleged that the second informant

told Cunningham that "Keith Jones was responsible for the homicide in the 400 block of West 7th Street." The second informant then identified Petitioner after he was shown Petitioner's photograph.

Petitioner's Fourth Amendment/<u>Franks</u> claim, however, concerns Detective Cunningham's statements about the first informant, not his statements about the second informant. Petitioner asserts that Detective Cunningham obtained his information about the first informant from a report prepared by another police officer, Detective Williamson, and that Cunningham deliberately changed the content of Williamson's statements when he wrote the affidavit of probable cause. To support his allegation, Petitioner compares the statements in the affidavit of probable cause with the statements in Williamson's report, identifies certain differences, and concludes that Cunningham purposefully lied in writing the affidavit of probable cause. For instance, the affidavit of probable cause states that "a past proven reliable informant contacted Lawrence Collins of Probation and Parole and advised him that 'Keith' bmnh early twenties was responsible for shooting Jackson in Rosegate. Keith resides at 829 Lombard Street in Wilmington and is originally from Oakmont in New Castle County." The affidavit of probable cause also states that the same informant was "acquainted with Keith" and "observed him in possession of a 9 mm handgun in the past." In

11

contrast, however, Williamson's report states that the first informant said Keith "sometimes frequents the area of 819 Lombard Street," not that Keith resides there, and that "Keith Williams" of an "unknown age" was "possibly" involved, not that "Keith," "early twenties," was "responsible" for the shooting.

The Delaware Supreme Court denied Petitioner's ineffective assistance of counsel claim after determining that Petitioner's challenge to the search warrant lacked merit. Specifically, the Delaware Supreme Court opined that Petitioner did not satisfy either prong of the <u>Franks</u> test because,

> [w]hile the record in this case reflects that there were discrepancies between the affidavit of probable cause and the underlying police reports, [Petitioner] has failed to demonstrate that the affiant intentionally or recklessly gave false statements. Moreover, [Petitioner} has failed to demonstrate that the allegedly false statements by the affiant were necessary to the finding of probable cause, since the record reflects that there was other information linking [Petitioner] to the crime."

<u>Jones</u>, 2007 WL 1885126, at *1.

Having independently reviewed the record, the Court concludes that the Delaware Supreme Court reasonably applied <u>Franks</u> in determining that Petitioner did not present a meritorious Fourth Amendment challenge to the search warrant. To begin, the minor discrepancies between Detective Cunningham's affidavit of probable cause and Detective Williamson's report do not support an inference that Detective Cunningham was recklessly or deliberately untruthful. Moreover, to the extent that the

12

Delaware Supreme Court's conclusion regarding the veracity of the application statements constitutes a factual finding, the Court accepts that finding as correct because Petitioner has not, in this proceeding, presented any clear and convincing to the contrary. See 2254(e)(1). In short, given Petitioner's failure to satisfy the first prong of the Franks test, the Court concludes that the Delaware Supreme Court reasonably applied Supreme Court precedent in holding that a Franks hearing was not mandated in Petitioner's situation.

In turn, a defense attorney's failure to present a meritless argument or objection does not constitute ineffective assistance. See United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999). Therefore, given the Court's conclusion that Petitioner's Franks argument is not a meritorious Fourth Amendment claim, the Court concludes that the Delaware Supreme Court did not unreasonably apply Strickland in denying denying the instant ineffective assistance of counsel claim. Accordingly, the Court will deny Claim Three for failing to satisfy § 2254(d)(1).

**V.    CERTIFICATE OF APPEALABILITY**

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a

13

constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Additionally, if a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. <u>Id.</u>

The Court has concluded that Petitioner's habeas claims do not warrant relief. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

**VI. CONCLUSION**

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied.

An appropriate Order will be entered.